# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEV MANAGEMENT, LLC,

           Plaintiff,

v.

MANISHKUMAR PATEL,

           Defendant.

Case No. 22-CV-1302-JPS

**ORDER**

      This Order considers, and will grant, Plaintiff Dev Management, LLC's ("Plaintiff") motion for default judgment against Defendant Manishkumar Patel ("Defendant"), ECF No. 12. The Court begins by recounting the facts as alleged in the Complaint.

      On November 3, 2022, Plaintiff filed this action alleging a breach of contract. ECF No. 1. Plaintiff—the owner of a hotel property at 545 W. Layton Avenue, Milwaukee, WI 53207, commonly known as the Holiday Inn Hotel & Suites Milwaukee Airport (the "Property")—alleges it entered an Agreement of Sale and Purchase (the "Purchase Agreement") to sell the Property to Defendant. *Id.* at 2; *see also* ECF No. 2 (attaching Purchase Agreement to complaint). The parties also entered into an Earnest Money Escrow Agreement ("Escrow Agreement"), under which Defendant delivered to Chicago Title Company (the "Escrow Agent") a deposit of $100,000.00, which the Escrow Agent still holds. ECF No. 1 at 2; *see also* ECF No. 3 (attaching Escrow Agreement to complaint). Under the Escrow Agreement, the deposit may not be released by the Escrow Agent unless authorized jointly by the parties, or by a court order. ECF No. 1 at 3; *see also* ECF No. 3 at 2.

Under the Purchase Agreement, Defendant had a 45-day "study period" after executing the agreement to determine if he wanted to move forward with purchasing the property. ECF No. 1 at 3; *see also* ECF No. 2 at 10–12. If, within this study period, Defendant notified Plaintiff in writing that he wished to terminate the Purchase Agreement, the deposit would be returned to him; conversely, if Defendant did not deliver an additional deposit to the Escrow Agent within the study period, and/or notify Plaintiff that he wished to terminate the Purchase Agreement, the deposit would be delivered to Plaintiff. ECF No. 1 at 3; *see also* ECF No. 2 at 11–12. Finally, under the Purchase Agreement, if Defendant failed to satisfy any of the conditions therein, Plaintiff could terminate the agreement and the deposit would be delivered to it. ECF No. 1 at 3; *see also* ECF No. 2 at 35.

The parties executed the agreement on July 23, 2021, ECF No. 2 at 41, and the 45-day study period expired on September 6, 2021. ECF No. 1 at 3. Defendant did not deliver an additional deposit to the Escrow Agent or notify Plaintiff he intended to terminate the Purchase Agreement prior to the expiration of the study period. *Id.* at 4. Therefore, Plaintiff alleges, Defendant is in breach of the agreement, and Plaintiff is entitled to the deposit. *Id.* On September 30, 2022, Plaintiff's counsel sent a demand letter to Defendant requesting that he authorize the Escrow Agent to release the deposit; Defendant did not respond. *Id.* Plaintiff filed this lawsuit seeking that the Court order specific performance of the agreement by requiring Defendant to authorize the Escrow Agent to deliver the deposit to Plaintiff, and additionally requesting that the Court award litigation costs and reasonable attorney's fees as provided in the Purchase Agreement. *Id.* at 5.

Defendant was served on November 29, 2022. ECF No. 6. Defendant did not appear or otherwise defend this action within the time provided by

the Federal Rules of Civil Procedure, so the Clerk of the Court, at Plaintiff's request, entered default against Defendant on January 4, 2023.

On January 10, 2023, Plaintiff filed a motion for entry of a default judgment against Defendant. ECF No. 12. Defendant never appeared in the case or opposed the request or motion for default judgment. *See* Civ. L.R. 7(b). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d).

The facts pleaded in the complaint and the attached Purchase Agreement and Escrow Agreement establish Defendant's liability for breach of contract. ECF Nos. 1–2; *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiff seeks an order authorizing the Escrow Agent to release the deposit to Plaintiff. ECF No. 12 at 5. The Purchase Agreement and Escrow Agreement are sufficient documentary evidence to support that Plaintiff is entitled to the deposit and to authorize the Escrow Agent to release the deposit to Plaintiff. *See* ECF Nos. 2 at 11–12 and 3 at 2. Accordingly, the Court will grant that request.

Additionally, Plaintiff seeks an order awarding attorney's fees in the amount of $3,363.00 and litigation costs in the amount of $498.20. *Id*. Plaintiff's attorney Christopher Koehnke supports these allegations in his declaration, which lays out his hourly billing rate ($295.00, which he argues is a reasonable rate for a private attorney practicing commercial litigation in Milwaukee), how much time he spent on this case (11.4 hours), and the costs his law firm advanced in prosecuting this lawsuit. ECF No. 13 at 2–3. Plaintiff is the prevailing party in this matter and is therefore legally entitled to recover attorney's fees and costs as requested and authorized under the Purchase Agreement. ECF No. 2 at 35 ("In the event of any litigation or dispute between the parties arising out of or in any way connected with this Agreement, resulting in any litigation, the prevailing party in such litigation shall be entitled to recover its costs of prosecuting and/or defending same, including, without limitation, reasonable attorneys' fees[.]"). The Court finds that Plaintiff's litigation costs are sufficiently substantiated and its attorney's fees are both sufficiently substantiated and reasonable. Accordingly, the Court will approve an award of the requested litigation costs and attorney's fees.

Accordingly,

**IT IS ORDERED** that Plaintiff Dev Management, LLC's motion for default judgment, ECF No. 12, be and the same is hereby **GRANTED**; Plaintiff Dev Management, LLC is entitled to the $100,000.00 deposit and the Escrow Agent is authorized to deliver this sum to Plaintiff; additionally, Defendant Manishkumar Patel shall pay to Plaintiff Dev Management, LLC attorney's fees of $3,363.00 and litigation costs of $498.20;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge